1  **RIMAC MARTIN, P.C.**
   ANNA M. MARTIN - State Bar No. 154279
2  KEVIN G. GILL - State Bar No. 226819
   1051 Divisadero Street
3  San Francisco, California 94115
   Telephone:  (415) 561-8440
4  Facsimile:  (415) 561-8430
   amartin@rimacmartin.com
5
6  Attorneys for Defendants
   PROVIDENT LIFE & ACCIDENT
7  INSURANCE COMPANY

8  **LAW OFFICES OF P. RANDALL NOAH**
   P. RANDALL NOAH - SBN 136452
9  21 Orinda Way, Ste. C, #316
   Orinda, CA 94563
10 Telephone: (925) 253-5540
   Facsimile:  (925)253-5542
11 pnoah@ix.netcom.com

12 Attorneys for Plaintiff
   JANICE BREMIS
13

14

15                  **UNITED STATES DISTRICT COURT**

16                 **NORTHERN DISTRICT OF CALIFORNIA**

17

18 JANICE BREMIS,                    )
                                     )   CASE NO. C09-04190 JSW
19          Plaintiff,               )
                                     )   **STIPULATION TO PERMIT FILING**
20    vs.                            )   **OF AMENDED ANSWER BY**
                                     )   **PROVIDENT LIFE & ACCIDENT**
21 PROVIDENT LIFE & ACCIDENT         )   **INSURANCE COMPANY AND**
   INSURANCE COMPANY,                )   **OTHER THEREON**
22                                   )
          Defendant.                 )
23                                   )
                                     )
24 _____  )

25     Plaintiff, Janis Bremis and defendant Provident Life & Accident Insurance Company

26 through their respective counsel of record hereby stipulate pursuant to Federal Rules of Civil

27 Procedure, Rule 15(a), to allow Provident Life & Accident Insurance Company to file an

28 Amended Answer to add an additional affirmative defense.  The proposed Defendant Provident

-1-

STIPULATION TO ALLOW FILING OF
AMENDED ANSWER [PROPOSED] ORDER                          CASE NO. C09-04190 JSW

1    Life & Accident Insurance Company's Amended Answer To Plaintiff's First Amended

2    Complaint is attached hereto as Exhibit A.

3         Federal Rules of Civil Procedure, Rule 15(a) allows a party to amend a pleading "by

4    written consent of the adverse party."   Plaintiff, through her counsel of record, has consented to

5    the filing of the amended answer attached hereto as Exhibit. A.

6

7                                    LAW OFFICES OF P. RANDALL NOAH

8

9

10   DATED:  January 22, 2010          By:     /s/ P. RANDALL NOAH

11                                            Attorneys for Plaintiff
                                             JANICE BREMIS
12

13                                     RIMAC  MARTIN, P.C.

14

15

16   DATED:  January 22, 2010          By:     /s/ ANNA M. MARTIN
                                             ANNA M. MARTIN
17                                           Attorneys for Defendant
                                             PROVIDENT LIFE & ACCIDENT INSURANCE
18                                           COMPANY

19

20   IT IS SO ORDERED:

21

22

23   DATED:  January 25, 2010

24                                           The Honorable Jeffrey S. White
                                             United States District Judge
25

26

27

28

STIPULATION TO ALLOW FILING OF
AMENDED ANSWER [PROPOSED] ORDER                          CASE NO. C09-04190 JSW

**EXHIBIT A**

**RIMAC MARTIN, P.C.**
ANNA M. MARTIN - State Bar No. 154279
KEVIN G. GILL - State Bar No. 226819
1051 Divisadero Street
San Francisco, California 94115
Telephone (415) 561-8440
Facsimile (415) 561-8430
amartin@rimacmartin.com

Attorneys for Defendant
PROVIDENT LIFE AND ACCIDENT
INSURANCE COMPANY

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| JANICE BREMIS,<br><br>            Plaintiff,<br><br>      vs.<br><br>PROVIDENT LIFE AND ACCIDENT<br>INSURANCE COMPANY,<br><br>            Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**CASE NO. C09-04190 JSW**

**DEFENDANT PROVIDENT LIFE AND ACCIDENT INSURANCE COMPANY'S** *AMENDED* **ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

COMES NOW Defendant PROVIDENT LIFE AND ACCIDENT INSURANCE COMPANY ("Provident" or "defendant") and in answer to Plaintiff's Complaint Under ERISA ("plaintiff's complaint"), responds, states, and avers as follows:

1.    Answering paragraph 1 of plaintiff's complaint entitled "JURISDICTION," defendant admits that plaintiff's claims arise under the Employee Retirement Income Security Act of 1974, 29 U.S.C., Sections 1001 *et seq.*  Save and except as expressly admitted herein, defendant denies each and every remaining allegation contained in paragraph 1 of plaintiff's complaint

2.    Answering paragraph 2 of plaintiff's complaint, defendant admits that venue is

-1-

**DEFENDANT'S AMENDED ANSWER TO**
**FIRST AMENDED COMPLAINT**

**CASE NO. C09-04190 JSW**

1   proper in the Southern Division of the Northern District of California.  Save and except as

2   expressly admitted herein, defendant denies each and every remaining allegation contained in

3   paragraph 2 of plaintiff's complaint.

4          3.      Answering paragraph 3 of plaintiff's complaint, defendant admits that it has

5   received information that plaintiff is and was at the relevant times, a resident of San Jose,

6   California.  Save and except as expressly admitted herein, defendant denies each and every

7   remaining allegation contained in paragraph 3 of plaintiff's complaint.

8          4.      Answering paragraph 4 of plaintiff's complaint, defendant admits that Provident

9   is a corporation organized and existing under and by virtue of the laws of the State of Tennessee,

10  with its principal place of business in Chattanooga, Tennessee.  Save and except as expressly

11  admitted herein, defendant denies each and every remaining allegation contained in paragraph 4

12  of plaintiff's complaint.

13         5.      Answering paragraph 5 of plaintiff's complaint, defendant admits that plaintiff

14  was covered some of the time but not all of the time mentioned herein under an employee benefit

15  long term disability plan purchased by The Health Trust for its eligible employees.  Defendant

16  further admits that it received information that plaintiff had been diagnosed with anorexia

17  nervosa and depression since the 1970s. Defendant further admits that plaintiff was diagnosed

18  with follicular lymphoma which remained in remission throughout most of plaintiff's claim.

19  Defendant further admits that plaintiff applied for and was paid disability benefits for

20  approximately 33 months, after which time plaintiff had received all disability benefits to which

21  she was entitled.  Defendant further admits that it properly applied the 24 month mental illness

22  limitation to plaintiff's claim.  Save and except as expressly admitted herein, defendant denies

23  each and every remaining allegation contained in paragraph 5 of plaintiff's complaint.

24         6.      Answering paragraph 6 of plaintiff's complaint, defendant admits that Provident

25  issued a long term disability policy to plaintiff's employer, The Health Trust, Policy Number

26  126100-0001 ("the LTD Plan).  Provident further admits that plaintiff was covered under the

27  LTD Plan some of the time but not all of the times relevant hereto.  Save and except as expressly

28  admitted herein, defendant denies each and every remaining allegation contained in paragraph 6

-2-

**DEFENDANT'S AMENDED ANSWER TO**
**FIRST AMENDED COMPLAINT**                    **CASE NO. C09-04190 JSW**

of plaintiff's complaint.

7.    Answering paragraph 7 of plaintiff's complaint, defendant admits that the LTD Plan provides for disability coverage to an eligible employee, subject to the terms, conditions, limitations and exclusions of the LTD Plan.  Save and except as expressly admitted herein, defendant denies each and every remaining allegation contained in paragraph 7 of plaintiff's complaint.

8.    Answering paragraph 8 of plaintiff's complaint, defendant admits that plaintiff applied for benefits under the LTD Plan.  Save and except as expressly admitted herein, defendant denies each and every remaining allegation contained in paragraph 8 of plaintiff's complaint.

9.    Answering paragraph 9 of plaintiff's complaint, defendant admits that plaintiff applied for disability benefits, and was paid disability benefits for approximately 33 months. Defendant further admits that plaintiff appealed Provident's decision to discontinue benefits pursuant to the mental illness limitation and thus no further payments were issued after September, 2006.   Save and except as expressly admitted herein, defendant denies each and every remaining allegation in paragraph 9 of plaintiff's complaint.

10.    Answering paragraph 10 of plaintiff's complaint, defendant states that the LTD Plan, as a whole, speaks for itself.  Save and except as expressly admitted herein, defendant denies each and every remaining allegation contained in paragraph 10 of plaintiff's complaint.

11.    Answering paragraph 11 of plaintiff's complaint, defendant denies each and every allegation contained in paragraph 11 of plaintiff's complaint.

12.    Answering paragraph 13 [sic] of plaintiff's complaint, defendant denies each and every allegation contained in paragraph 13 of plaintiff's complaint.

13.    Answering paragraph 14 of plaintiff's complaint, defendant denies that plaintiff has been proximately damaged by act or omission by defendant and on that basis, denies the allegations contained in paragraph 14 of plaintiff's complaint.

14.    Answering plaintiff's prayer for relief, paragraphs 1 through 4, defendant denies that plaintiff is entitled to additional benefits under the LTD Plan, denies that plaintiff has been

-3-

**DEFENDANT'S AMENDED ANSWER TO**
**FIRST AMENDED COMPLAINT**                    **CASE NO. C09-04190 JSW**

damaged in the amount alleged, in any amount, or at all, denies that plaintiff is entitled to

compensatory damages, her costs of suit, and/or attorney fees incurred herein, and further denies

that plaintiff is entitled to any relief whatsoever.

# AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

1.     Plaintiff's purported claim for relief fails to state facts sufficient to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

2.     Plaintiff's recovery, if any, is limited by the terms, conditions, limitations, exclusions and other provisions of the LTD Plan.

## THIRD AFFIRMATIVE DEFENSE

3.     Plaintiff is not entitled to any further benefits under the LTD Plan at issue.

## FOURTH AFFIRMATIVE DEFENSE

4.     Plaintiff's claims against defendants arise solely under ERISA.  Therefore, plaintiff's rights and remedies are limited solely to those afforded under ERISA.

## FIFTH AFFIRMATIVE DEFENSE

5.     Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

## SIXTH AFFIRMATIVE DEFENSE

6.     Plaintiff has failed to mitigate her alleged damages, if any.

## SEVENTH AFFIRMATIVE DEFENSE

7.     Plaintiff's claims are barred, in whole or in part, to the extent that plaintiff has failed to perform all of her obligations under the LTD Plan at issue.

## EIGHTH AFFIRMATIVE DEFENSE

8.     The decision on plaintiff's claim was neither arbitrary nor capricious.

## NINTH AFFIRMATIVE DEFENSE

9.     No act or omission of defendant constitutes the proximate or legal cause of any of plaintiff's damages, if any, because, amongst other things, the terms of the alleged contract of

-4-

DEFENDANT'S AMENDED ANSWER TO
FIRST AMENDED COMPLAINT                                    CASE NO. C09-04190 JSW

1  insurance did not allow for payment of the claimed benefits.

2  **TENTH AFFIRMATIVE DEFENSE**

3  10.    Any alleged damage suffered by plaintiff was in no way caused by, or the result

4  of, any fault, act or omission by defendant, but was caused by circumstances, persons, and/or

5  entities for which and/or whom defendant is not and may not be held responsible, including

6  plaintiff, and for which defendant cannot be held liable.

7  **ELEVENTH AFFIRMATIVE DEFENSE**

8  11.    Plaintiff's conduct bars, estops and/or constitutes a waiver of the claims asserted

9  in plaintiff's complaint.

10  **TWELFTH AFFIRMATIVE DEFENSE**

11  12.    Plaintiff's claims for relief are barred by the doctrine of laches.

12  **THIRTEENTH AFFIRMATIVE DEFENSE**

13  13.    While denying any liability to plaintiff, there is no "vesting" of benefits under the

14  LTD Plan, and any claim for benefits based on an alleged continuing disability must be supported

15  by proof of such continuing disability.  Benefits cannot be awarded prospectively.

16  **FOURTEENTH AFFIRMATIVE DEFENSE**

17  15.    Provident Life and Accident Insurance Company is an improper defendant in that

18  ERISA permits suits to recover benefits only against the Plan as an entity.  *Everhart v. Allmerica,*

19  275 F.3d 751 (9th Cir. 2001) and *Ford v. MCI Communications Corp. Health and Welfare Plan,*

20  399 F.3d 1076 (9th Cir. 2005).

21  **FIFTEENTH AFFIRMATIVE DEFENSE**

22  16.    Plaintiff, Janis Bremis, owes Provident Life & Accident Insurance Company

23  $11,672.30 which represents the amount that Provident Life overpaid plaintiff's disability claim.

24  Any recovery obtained by plaintiff Janis Bremis from Provident Life must be reduced by the

25  overpayment of her claim in the amount of $11,672.30.

26

27  Defendant reserves the right to assert additional affirmative defenses should they become

28  aware of additional defenses during the course of this litigation, as set forth in Federal Rules of

-5-

**DEFENDANT'S AMENDED ANSWER TO**
**FIRST AMENDED COMPLAINT**                          **CASE NO. C09-04190 JSW**

1   Civil Procedure, Rule 8.

2         **WHEREFOR**, defendant prays for judgment as follows:

3         1       That plaintiff take nothing by reason of her complaint;

4         2.      For costs of suit; and,

5         3.      For such other and further relief as the Court deems just and proper.

6                                           RIMAC  MARTIN, P.C.

7

8
    DATED:  January 22, 2010    By:      /S/ ANNA M. MARTIN
9                                          ANNA M. MARTIN
                                           Attorneys for Defendant
10                                         PROVIDENT LIFE AND ACCIDENT
                                           INSURANCE COMPANY
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-6-

**DEFENDANT'S AMENDED ANSWER TO**
**FIRST AMENDED COMPLAINT**                         **CASE NO. C09-04190 JSW**